UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARK B. SPRINGER,
Petitioner,

vs.

WARDEN, WARREN
CORRECTIONAL INSTITUTION,
Respondent.

Case No. 1:15-cv-436

Beckwith, J.
Litkovitz, M.J.

REPORT AND
RECOMMENDATION

Petitioner, an inmate at Warren Correctional Institution in Lebanon, Ohio, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 1989 conviction and prison sentence following a jury trial in a case tried before the Hamilton County, Ohio, Court of Common Pleas. (*See* Doc. 1; *see also* Doc. 4, Exs. B-G). The respondent has filed a motion to dismiss the petition, or transfer the action to the United States Court of Appeals for the Sixth Circuit, on the ground that the petition is "successive" within the meaning of 28 U.S.C. § 2244(b). (Doc. 3). Petitioner has filed a brief opposing respondent's motion. (Doc. 4).

## I. BACKGROUND

The Sixth Circuit has provided the following summary of the state-court proceedings that resulted in petitioner's current confinement:[1]

> In 1989, a jury convicted Springer of murder, two counts of aggravated murder, aggravated robbery, and aggravated burglary. After the jury was unable to reach a unanimous verdict with regard to Springer's sentences for the aggravated murder convictions, the trial court sentenced Springer to life imprisonment with parole eligibility after thirty years for those convictions, as well as lesser

---

[1] The summary was set forth in a decision issued by the Sixth Circuit on February 11, 2008. In that decision, the court denied a prior request filed by petitioner for leave to file a second or successive habeas corpus petition pursuant to 28 U.S.C. § 2254. (*See* Doc. 3, Ex. 6).

> sentences for the robbery and burglary convictions. The Ohio Court of Appeals reversed the entry of conviction on the two aggravated murder counts and remanded the matter for a new trial on those counts, concluding that the trial court lacked authority to impose the sentences without a unanimous recommendation from the jury. The Ohio Supreme Court, however, reinstated Springer's convictions and sentence.

(Doc. 3, Ex. 6, p. 1, at PAGEID#: 41).

It appears from the record presented (*see* Doc. 3, Ex. 1), as well as this Court's docket records, that petitioner filed his first federal habeas corpus petition challenging his 1989 conviction and sentence with this Court in October 1994. *See Mark B. Springer v. Anthony Brigano*, Case No. 1:94-cv-703 (S.D. Ohio) (Spiegel, J.; Sherman, M.J.) (Doc. 1). The petition, which was filed *pro se*, was denied on the merits on May 31, 1996 based on findings that "petitioner had withdrawn and waived some of his grounds for relief" and that "the remaining ineffective assistance of appellate counsel claim lacked merit." (*See* Doc. 3, Ex. 1 & Ex. 3, p. 1, at PAGEID#: 32). It appears that petitioner unsuccessfully attempted to appeal the district court's decision to the Sixth Circuit, with the last entry reflecting that the appeal record was returned to the district court on May 29, 1997. (*See id.*, Ex. 1).

Over eight years later, in July 2005, petitioner filed a second habeas petition with this Court in the case entitled *Mark Springer v. Warden, Warren Corr. Inst.*, Case No. 1:05-cv-472 (S.D. Ohio) (Weber, J.; Black, M.J.). (Doc. 3, Ex. 2). In that case, petitioner, who was represented by counsel, again challenged his 1989 conviction and sentence, asserting as grounds for relief that (1) his appellate counsel provided ineffective assistance in connection with the state direct appeal and the prior federal habeas

2

proceedings; (2) he was denied due process when the trial "[j]udge usurped the jury's role in discharging the jury and imposing sentence"; and (3) he was denied his Sixth Amendment jury trial right in the penalty phase when the trial judge discharged the jury and imposed a sentence "beyond the minimum" after the jury became "hopelessly deadlocked." *See Mark Springer v. Warden, Warren Corr. Inst.*, Case No. 1:05-cv-472 (S.D. Ohio) (Weber, J.; Black, M.J.) (Doc. 1, at PAGEID#: 4-5). The respondent filed a motion requesting that the petition be dismissed or transferred to the Sixth Circuit on the ground that it constituted a "successive" petition within the meaning of 28 U.S.C. § 2244(b). *Id.* (Doc. 3).

On May 2, 2006, the Magistrate Judge issued a Report and Recommendation finding that the petition was "successive within the meaning of . . . § 2244(b)" and recommending that the petition be transferred to the Sixth Circuit "for a determination as to whether the district court may review it." (Doc. 3, Ex. 2 & Ex. 3, pp. 3-4, at PAGEID#: 34-35). On June 21, 2006, the District Court adopted the Report and Recommendation and transferred the petition to the Sixth Circuit. (*Id.*, Exs. 2, 4). On February 11, 2008, the Sixth Circuit issued the final entry in the matter denying petitioner leave to file a second or successive petition. (*Id.*, Ex. 2, 6). In so ruling, the court reasoned in pertinent part as follows after pointing out that petitioner stated in the renewed petition that "he had filed a previous § 2254 petition that included the same claims":

> Pursuant to § 2244(b)(1), a claim presented in a second or successive habeas corpus petition that was presented in a prior petition shall be dismissed. Because Springer seeks to raise claims that were raised in a previous petition, we cannot authorize the filing of a second petition. Further, there is no merit to his argument that his petition should not be treated as successive because he received ineffective assistance of counsel during the previous § 2254 proceedings. *See Post v. Bradshaw*, 422 F.3d 419, 424-425 (6th Cir. 2005). . . .

3

(*Id.*, Ex. 6, p. 2, at PAGEID#: 42).

## II. Current Federal Habeas Petition

The instant *pro se* petition for federal habeas relief is the third petition that petitioner has filed with this Court, wherein he seeks to challenge his 1989 conviction and sentence. Petitioner commenced the action in June 2015, over seven years after the Sixth Circuit issued the final ruling in the proceedings on his second habeas petition. (Doc. 1). In this action, petitioner asserts the following grounds for relief, which are quoted verbatim from the petition:

> **Ground One:** Faulty indictment: There [are] 5 separated counts, alleging different versions of how one crime was committed. An indictment charging a single offense in different counts is multiplicit[]ous. The 3 counts of Agg. Murder 2903.01 resulted in multiple sentences for a single offense. Double Jeopardy was violated. Springer was acquitted of Agg Murder, multiplicit[]ous counts were not consolidated. Structural Error occur[r]ed. Denied fair trial. Guilty verdicts on Count 2 Agg Murder and Count 3 Agg. Murder, Count 4 Agg rob. Count 5 Agg Bur. are void and inconsistent with Jury[']s finding, a reduced charge of Murder 2903.02.  52(B) plain error.
>
> **Ground Two:** Denial of public trial by an i[m]partial Jury: Mr. Springer was denied trial by Jury. There was no complete verdict by Jury. The Jury deadlocked in the penalty phase. There was no mistrial. Irregularity in proceedings. Recommendation must come from Jury to be impartial. A jury must find unanimously by proof beyond a reasonable doubt the aggravating circumstances out weight the mitigating factors.
>
> **Ground Three:** Discharge of Jury by trial Judge, who then sentenced defendant Himself. Judges don't have that authority in capital cases. Jury did not get the opportunity to speak concerning aggravating circumstances and mitigating factors. When there is no law for a cert[ai]n or specific provisions must go to favor of Mr. Springer. Confused Jury instructions, and misleading 3 leaf clover and one paper clip inpplications [sic].
>
> **Ground Four:** Prosecuting Attorney . . . filed a response to motion to readdress Judg[]ment and set aside sentence saying Mr. Springer[']s argument was based off St. v. Colon. The prosecution proposed a ruling for the Judge, and failed to address all the issues Springer presented for review. The Judge then entered the

proposed Entry Feb. 1st 2013 mistakes in all.

(*Id.*, at PAGEID#: 7-8, 10-11).

## III. OPINION

Pursuant to 28 U.S.C. § 2244(b)(1), the federal district court must dismiss a claim presented in a second or successive habeas corpus petition that was raised in a prior petition. In addition, the court must dismiss a claim presented in a second or successive petition, which the petitioner did not include in the prior petition, unless: (1)(a) petitioner shows the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or (b) the factual basis for the claim could not have been discovered previously through the exercise of due diligence; **and** (2) the facts would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact-finder would have found the petitioner guilty of the underlying offense. 28 U.S.C. § 2244(b)(2).

Before the district court may consider a successive petition, the petitioner must first request and obtain authorization for such consideration from the court of appeals. 28 U.S.C. § 2244(b)(3). The court of appeals may authorize the district court to consider a successive petition only if petitioner makes the *prima facie* showing described above. *Id.*

The subsequent petition must relate to the same conviction or sentence under attack in the prior petition to be "successive" within the meaning of the statute. *See In re Page,* 179 F.3d 1024, 1025 (7th Cir. 1999) (and cases cited therein). However, not all subsequent petitions relating to the same conviction or sentence are considered successive. *See Stewart v. Martinez-Villareal,* 523 U.S. 637 (1998). Otherwise, "a dismissal of a first habeas petition for technical

procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Id.* at 645.

Courts have held that a later petition is not successive where the first petition was dismissed as premature, *see id.*; the first petition was dismissed without prejudice for failure to exhaust state court remedies, *see Slack v. McDaniel,* 529 U.S. 473, 485-86 (2000); *Carlson v. Pitcher,* 137 F.3d 416 (6th Cir. 1998); the second petition was filed after a remedial appeal ordered in response to the prior petition, *see Storey v. Vasbinder*, 657 F.3d 372, 377-78 (6th Cir. 2011); or the first petition was dismissed because petitioner failed to either pay the filing fee or provide proper support for his application for pauper status, *see Stewart,* 523 U.S. at 645 (citing *Marsh v. United States Dist. Court for the N. Dist. of California,* No. C-94-0581-VRW, 1995 WL 23942 (N.D. Cal. Jan. 9, 1995)). In all of those contexts, the district court had jurisdiction to consider the subsequent petitions without first obtaining authorization from the court of appeals, because the prior dispositions were not "on the merits." *See Slack,* 529 U.S. at 485-86; *Carlson,* 137 F.3d at 419; *Camarano v. Irvin,* 98 F.3d 44, 46-47 (2nd Cir. 1996); *cf. Storey*, 657 F.3d at 377-78 (where initial petition involved disposition of only one constitutional claim—*i.e.*, whether the petitioner was entitled to a new direct appeal).

In contrast, when a prior petition is dismissed because the petitioner procedurally defaulted his claims in state court, the dismissal is considered "on the merits." In such a case, the prisoner must obtain authorization from the court of appeals pursuant to § 2244(b)(3) before filing a subsequent federal habeas application. *In re Cook,* 215 F.3d 606, 608 (6th Cir. 2000); *Carter v. United States,* 150 F.3d 202, 205-06 (2nd Cir. 1998). Similarly, when the prior petition is dismissed on the ground that it is barred by the statute of limitations, the dismissal is an

adjudication of the merits of the claims, and petitioner must obtain prior authorization from the court of appeals entitling him to file a subsequent petition for habeas corpus relief. *See, e.g., McNabb v. Yates,* 576 F.3d 1028, 1030 (9th Cir. 2009); *Murray v. Greiner,* 394 F.3d 78, 81 (2nd Cir. 2005); *Altman v. Benik,* 337 F.3d 764, 766 (7th Cir. 2003); *Staffney v. Booker,* No. 2:09cv14553, 2009 WL 4506425, at *1 (E.D. Mich. Nov. 25, 2009) (transferring the petition to the Sixth Circuit as a successive petition).[2]

The Supreme Court has held that a habeas corpus petition is not successive and, therefore, § 2244(b) does not apply when it is the first application challenging a new judgment, such as a new sentence imposed on resentencing, that occurs between habeas proceedings. *See Magwood v. Patterson,* 561 U.S. 320, 331-39 (2010). The *Magwood* Court expressly declined to address whether the habeas petitioner is allowed to challenge "not only his resulting, *new* sentence, but also his original, *undisturbed* conviction" in the subsequent application. *Id.* at 342 (emphasis in original). In finding that the question was not before the Court because the petitioner had "not attempted to challenge his underlying conviction," the *Magwood* Court noted that "[s]everal Courts of Appeal have held that a petitioner who succeeds on a first habeas application and is resentenced may challenge only the 'portion of a judgment that arose as a result of a previous successful action.'" *Id.* & n.16 (quoting *Lang v. United States,* 474 F.3d 348, 351 (6th Cir. 2007), and citing Seventh and Second Circuit decisions).

In the aftermath of *Magwood*, the district courts in the Sixth Circuit have relied on the

---

[2]*Contrast Gonzalez v. Crosby,* 545 U.S. 524, 535-36 (2005) (a motion for relief from judgment under Fed. R. Civ. P. 60(b), which "challenges only the District Court's previous ruling on the AEDPA statute of limitations, ... is not the equivalent of a successive habeas petition").

Sixth Circuit's *Lang* decision, as well as other circuit court precedents, to hold that *Magwood* applies to permit review of a subsequent petition only to the extent that the later petition addresses an issue that originated in the intervening proceeding. *See, e.g., Ocampo v. United States*, No. 06-20172, 2014 WL 859841, at *3 (E.D. Mich. Mar. 5, 2014) (citing *Lang* and *Ajan v. United States*, 731 F.3d 629 (6th Cir. 2013)), *appeal dismissed*, No. 14-1335 (6th Cir. Apr. 21, 2014); *see also Carnail v. Bradshaw*, No. 1:12cv1042, 2015 WL 235849, at *10-11 (N.D. Ohio Jan. 16, 2015); *Barclay v. Tibbles*, No. 5:13cv124, 2014 WL 809197, at *5, *10 (N.D. Ohio Feb. 28, 2014); *Banks v. Bunting*, No. 5:13cv1472, 2013 WL 6579036, at *1, *5-7 (N.D. Ohio Dec. 13, 2013); *Myers v. Coleman*, No. 2:12cv975, 2013 WL 3984282, at *4-6 (S.D. Ohio Aug. 1, 2013) (Abel, M.J.) (Report & Recommendation), *adopted as modified on other grounds*, 2013 WL 5441755, at *3-4 (S.D. Ohio Sept. 27, 2013) (Frost, J.); *Ellison v. Timmerman-Cooper*, No. 1:10cv595, 2011 WL 7946038, at *2 (S.D. Ohio Sept. 20, 2011) (Merz, M.J.) (Report & Recommendation), *adopted*, 2012 WL 1898629 (S.D. Ohio May 23, 2012) (Spiegel, J.). However, the Sixth Circuit has recently held in contradiction to those lower court decisions that "a new judgment" entered following an intervening proceeding, such as resentencing, "permits the inmate to challenge the original conviction," as well as the intervening new judgment, "without clearing the second-or-successive hurdles." *King v. Morgan*, 807 F.3d 154, 159 (6th Cir. 2015), *reversing*, No. 1:12cv2000, 2013 WL 5531365 (N.D. Ohio Sept. 26, 2013).

This case is distinguishable from *King* and *Magwood*. Here, it is clear from the face of the instant petition that petitioner is attacking the same conviction and prison sentence that he challenged in his two prior federal habeas petitions. It is also clear that no "new judgment" has been entered by the state courts in any intervening proceeding that has occurred after the

8

adjudication of petitioner's prior habeas petitions. In contrast to *King* and *Magwood*, which involved the *granting* of a resentencing hearing and imposition of a new sentence that occurred between habeas proceedings, petitioner's motion filed in 2013 to "readdress" the original judgment of conviction and sentence entered in 1989 was *denied*. Therefore, this case does not involve any intervening "new judgment" that falls within the exception recognized in *King* and *Magwood* for bypassing the requirements governing second or successive petitions that is set forth in 28 U.S.C. § 2244(b).

Accordingly, the undersigned concludes that the claims alleged in Grounds One through Three are "successive" within the meaning of § 2244(b) because petitioner's first habeas petition was adjudicated on the merits and petitioner is not contesting any "new judgment" in those grounds for relief. Indeed, as the Sixth Circuit previously held in denying petitioner leave to file his second habeas petition (*see* Doc. 3, Ex. 6), to the extent petitioner is reasserting claims in Grounds Two and Three that were raised in his previous habeas petitions, those claims are subject to dismissal under 28 U.S.C. § 2244(b)(1). Furthermore, to the extent that petitioner has posited new claims for relief in those grounds and in Ground One, which were not asserted in his prior habeas petitions, the claims are successive under 28 U.S.C. § 2244(b)(2) because petitioner has not shown they rely on a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable, or that the factual bases for the claims could not have been discovered previously through the exercise of due diligence.

Similarly, to the extent that petitioner seeks in Ground Four to challenge the underlying judgment of conviction and sentence that was entered in 1989 on the ground that the trial court

9

should have granted his motion filed in 2013 to "readdress" that judgment based on new arguments of "structural error" in the indictment, the ground for relief is successive under 28 U.S.C. § 2244(b)(2). Ground Four is not successive only to the extent that petitioner is seeking to challenge the trial court's ruling in February 2013 denying the post-conviction motion filed years after the prior federal habeas proceedings had concluded. Specifically, petitioner has alleged that the trial court erred by entering the prosecutor's "proposed" order, which "failed to address all the issues" raised by petitioner in his motion. (*See* Doc. 1, at PAGEID#: 11). It thus appears that petitioner is complaining about an error that occurred in ruling on the post-conviction motion—a matter that could not have been addressed in the earlier petitions. Nevertheless, although the claim alleged in Ground Four may not be successive within the meaning of 28 U.S.C. § 2244(b), it is subject to dismissal on the alternative ground that it does not constitute a cognizable ground for federal habeas relief.

The federal habeas court has jurisdiction to review a state prisoner's habeas petition only on the ground that the challenged confinement violates the Constitution, laws or treaties of the United States. *See* 28 U.S.C. § 2254(a); *Pulley v. Harris,* 465 U.S. 37, 41 (1984); *see also Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal court to reexamine state-court determinations on state-law questions"). Moreover, it is well-settled in the Sixth Circuit that the "the writ of habeas corpus is not the proper means by which prisoners can challenge errors or deficiencies in state post-conviction proceedings, . . . which address collateral matters and not the underlying conviction giving rise to the prisoner's incarceration." *See, e.g., Dickey v. Warden, Lebanon Corr. Inst.,* No. 1:08cv819, 2010 WL 92510, at *1, *10 (S.D. Ohio Jan. 6, 2010) (Beckwith, J.; Black, M.J.) (citing *Kirby v. Dutton,* 794 F.2d 245, 247

(6th Cir. 1986); *Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir. 2007); *Roe v. Baker*, 316 F.3d 557, 571 (6th Cir. 2002); *Alley v. Bell*, 307 F.3d 380, 386-87 (6th Cir. 2002)). The alleged error of entering an order that failed to address all the issues raised by petitioner in his post-conviction motion does not implicate constitutional concerns and, in any event, involves a "collateral matter" that falls outside the scope of federal habeas review. *Cf. id.* (involving claims of error that allegedly occurred on appeal from the denial of the petitioner's post-sentence motion to withdraw his guilty plea); *Brown v. Warden, Lake Erie Corr. Inst.*, No. 1:11cv2765, 2014 WL 132367, at *1, *17-18 (N.D. Ohio Jan. 14, 2014) (and cases cited therein) (involving claim challenging the denial of a motion for new trial based on new evidence without a hearing).

Accordingly, in sum, the undersigned concludes that (1) the District Court lacks jurisdiction to consider the claims alleged in Grounds One through Three of the instant habeas corpus petition, as well as any claim in Ground Four challenging the validity of the underlying conviction and sentence that has remained in effect since 1989, because the claims are "successive" within the meaning of 28 U.S.C. § 2244(b); and (2) the arguably non-successive claim alleged in Ground Four challenging the trial court's denial of petitioner's 2013 motion to "readdress" the judgment of conviction and sentence is subject to dismissal because it does not constitute a cognizable ground for federal habeas relief. When a prisoner has filed a successive petition for habeas corpus relief in the district court without first obtaining authorization from the Court of Appeals, the district court in the interest of justice pursuant to 28 U.S.C. § 1631 is required to transfer the case to the Sixth Circuit for consideration as required under § 2244(b)(3). *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (citing *Liriano v. United States*, 95 F.3d 119, 122 (2nd Cir. 1996)); *see also Withers v. Warden, Chillicothe Corr. Inst.*, No. 2:15cv129, 2015 WL

11

965674, at *2-3 (S.D. Ohio Mar. 4, 2015) (Kemp, M.J.), *adopted*, 2015 WL 1212556 (S.D. Ohio Mar. 16, 2015) (Economus, J.). Therefore, it is **RECOMMENDED** that respondent's motion to dismiss or transfer the petition (Doc. 3) be **GRANTED** as follows: (1) the non-successive claim alleged in Ground Four challenging the trial court's denial of petitioner's 2013 motion to "readdress" the judgment of conviction and sentence should be dismissed with prejudice; and (2) the claims alleged in Grounds One through Three, as well as any claim in Ground Four challenging the validity of the underlying conviction and sentence that has remained in effect since 1989, should be transferred to the Sixth Circuit for review and determination as to whether the District Court should be granted authorization to consider them.[3]

### IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's motion to dismiss or transfer the petition (Doc. 3) be **GRANTED** as follows: Grounds One through Three, and any claim in Ground Four challenging the 1989 judgment of conviction and sentence, should be transferred pursuant to 28 U.S.C. § 1631 to the United States Court of Appeals for the Sixth Circuit for review and determination whether the District Court may consider the successive claims for relief; and the non-successive claim alleged in Ground Four challenging the denial of petitioner's 2013 motion to "readdress" the 1989 judgment of conviction and sentence should be dismissed with prejudice because it does not constitute a cognizable ground for federal habeas relief.

2. A certificate of appealability should not issue with respect to the non-successive claim

---

[3] It is noted that petitioner faces another significant procedural hurdle with respect to all of his claims for relief, including the claim alleged in Ground Four, because the claims appear to be time-barred under the applicable one-year statute of limitations governing federal habeas petitions that is set forth in 28 U.S.C. § 2244(d). However, because a jurisdictional issue is posed with respect to the successive claims alleged in the petition, and it is unclear from the present record whether petitioner filed any appeals in the post-conviction matter discussed in Ground Four, the undersigned will not address that issue in this Report and Recommendation.

12

alleged in Ground Four of the petition, which was addressed on the merits herein, because petitioner has not stated a "viable claim of the denial of a constitutional right" or presented issues that are "adequate to deserve encouragement to proceed further." *See Slack v. McDaniel,* 529 U.S. 473, 475 (2000) (citing *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983)); *see also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 1/21/16

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARK B. SPRINGER,
Petitioner,

Case No. 1:15-cv-436

vs

Beckwith, J.
Litkovitz, M.J.

WARDEN, WARREN
CORRECTIONAL INSTITUTION,
Respondent.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc