UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Mark B. Springer, | : | Case No. 1:15-cv-436 |
| | : | |
| Petitioner, | : | |
| | : | |
| vs. | : | |
| | : | |
| Warden, Warren Correctional Institution, | : | |
| | : | |
| Respondent. | : | |

**ORDER**

On January 21, 2016, the Magistrate Judge issued a thorough Report and Recommendation in this case.  (Doc. 5)  In the Report, the Magistrate Judge reviewed Petitioner's underlying state proceedings, and the history of his several attempts to obtain habeas corpus relief in this Court.  After reviewing this history and applicable case law, she ultimately concluded that: (1) this Court lacks jurisdiction to consider Petitioner's first three claims because they are successive pursuant to 28 U.S.C. §2244(b); and (2) assuming that Petitioner's fourth claim is not successive, that claim should be dismissed because it does not state a cognizable basis upon which he could seek federal habeas relief.  (Doc. 5 at 11)

Petitioner timely filed objections to the Report.  (Doc. 6)  In his objections, Petitioner concedes that the facts he cites in support of his claims are the same as those raised in his previous habeas petitions.  He argues, however, that his claims are "new" and that his fourth claim (seeking to correct what he contends was an illegal sentence) can be raised at anytime.

As set forth in the Report, Petitioner was convicted in Ohio state court of

aggravated murder, aggravated robbery and aggravated burglary in 1989.  He filed a habeas corpus petition in this court in October 1994, which was denied on the merits in a May 31, 1996 order.  He filed a second habeas petition in July 2005, again challenging his conviction and raising several grounds for relief.  This Court transferred that petition to the Sixth Circuit for its determination of whether this Court could exercise jurisdiction to consider it.  On February 11, 2008, the Sixth Circuit denied Petitioner leave to file his second petition, finding that the claims presented in the second petition were raised in his first unsuccessful petition.

Petitioner filed his petition in this case in June 2015, raising four claims for relief. (Doc.1)  Ground one challenges his original indictment; ground two claims he was denied a public trial by an impartial jury; ground three claims errors by the trial judge in his sentence and in discharging the jury; and ground four claims error resulting from the state's attorney's failure to address all of the issues that Petitioner raised in a more recent post-conviction motion.  He cited a February 2013 order entered by the state court that denied his motion to "readdress" his conviction and to set aside his sentence. This motion raised similar claims that he raises here, including alleged irregularities in the original indictment and with respect to the jury's verdicts.

Respondent moved to transfer this case to the Sixth Circuit, arguing that the petition was second and successive under 28 U.S.C. §2244(d).  (Doc. 3)  Petitioner opposed the motion and attached copies of the original indictment, verdicts, and the Ohio courts' opinions affirming his judgment and conviction.  (Doc. 4) The Magistrate Judge correctly concluded that the petition in this case raises claims and arguments previously raised in Petitioner's initial habeas petition, and which were denied on the

merits.  It is therefore a second or successive petition, and Petitioner must secure the authorization of the Sixth Circuit before he may proceed in this court. The Magistrate Judge also concluded that the fourth ground for relief, Petitioner's attempt to challenge the state trial court's February 13, 2013 denial of his motion to "readdress" his conviction, is not cognizable in a federal habeas petition.  The Magistrate Judge cites numerous cases reflecting well-settled law that federal habeas relief is not available to seek review of alleged errors in state post-conviction proceedings.  See, e.g., Cress v. Palmer, 484 F.3d 844, 853 (6th Cir. 2007).  Petitioner's claim that the state prosecutor and/or the trial court failed to adequately address the arguments he raised in his motion is a collateral matter involving state post-conviction proceedings, and is plainly not cognizable in this federal habeas case.

Petitioner objects, incorrectly contending that he may challenge his allegedly illegal sentence "anytime."  He complains that the Respondent failed to file the full state court record before filing its motion to dismiss.  He accuses the state prosecuting attorney and the trial judge of perpetrating fraud, and "causing the judicial machinery not to perform in the usual task in its impartial manner of adjudging cases presented for adjudication [sic]."  (Doc. 6 at 4-5)  This accusation is presumably related to his fourth ground for relief, concerning the 2013 denial of his motion to revisit his conviction and sentence.  He suggests that structural error infected his trial and requires setting aside his conviction.  He asserts that he has followed all the procedural rules, exhausted all of his state remedies, and urges the Court to consider his claims on the merits with due regard to his pro se status.

The Court has considered Petitioner's objections, and concludes that they fail to

recognize the fact that Petitioner's first three claims were raised in his previous petition, were denied on the merits, and that his second petition raising the same claims was dismissed as a second or successive petition.  He may not proceed on grounds one through three unless he obtains authorization from the court of appeals, as the habeas statute is clear and explicit on this issue.  Moreover, Petitioner has not shown any error in the Magistrate Judge's conclusions with regard to ground four of his petition, to the extent that it seeks review of the February 2013 state trial court order denying post-conviction relief.  To the extent that ground four challenges any aspect of his original conviction and sentence, authorization would also be required from the court of appeals before he may proceed in this Court.

For all of the foregoing reasons, Petitioner's objections (Doc. 6) to the Magistrate Judge's Report and Recommendation are overruled, and the Report is adopted in full. This case is transferred to the Sixth Circuit Court of Appeals, pursuant to 28 U.S.C. §1631 and as required by 28 U.S.C. §2244(b)(3), for that court's consideration of whether to authorize the district court to consider Petitioner's claims.  The claim raised in Ground Four of the petition, challenging the February 2013 state court order denying Petitioner's motion to "readdress" his conviction, is dismissed with prejudice.

SO ORDERED.

THIS CASE IS CLOSED.

DATED: March 8, 2016                     s/Sandra S. Beckwith
                                         Sandra S. Beckwith, Senior Judge
                                         United States District Court